UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CIV-20072-COHN/SELTZER

WIT WALCHI INNOVATION TECHNOLOGIES,
GMBH, a Swiss limited liability company, and
WIT AMERICAS, LLC, a Florida limited liability company,

       Plaintiffs,

v.

JEROME R. WESTRICK,

       Defendant.

_____/

## TEMPORARY RESTRAINING ORDER AND
## ORDER TO SHOW CAUSE WHY WRIT OF REPLEVEN SHOULD NOT ISSUE

**THIS CAUSE** is before the Court upon Plaintiffs' Emergency Verified

Motion for Temporary Restraining Order and for Temporary Injunction with Prohibitory

and Mandatory Provisions [DE 4] (the "Motion"), the Affidavit of Thomas Walchli [DE 5],

Plaintiffs' Emergency Motion for Immediate Issuance of Prejudgment Writ of Replevin

[DE 6], Plaintiffs' Emergency Motion for Immediate Issuance of Writ of Ne Exeat [DE 7],

and Plaintiffs' Memorandum of Law in Support of their Motions [DE 8].  The Court has

carefully considered the Motions and exhibits, and is otherwise fully advised in the

premises.

### I.  FACTUAL BACKGROUND

Plaintiffs seek a temporary restraining order without notice against Jerome

Westrick, an employee, minority shareholder and computer programmer, pursuant to

Rule 65(b) of the Federal Rules of Civil Procedure.  Plaintiffs' Complaint alleges four

claims under the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030,

misappropriation of trade secrets under Florida statutory law, trespass to chattel,

conversion, prejudgment writ of replevin, and a writ of ne exeat. The CFAA claims include unauthorized access to information in a protected computer (§ 1030(a)(2)) (Count I, ¶¶ 34-36); unauthorized access to a protected computer with intent to defraud and by dishonest methods and for improper purposes, by seeking to obtain a blackmail payment of $300,000 (§ 1030(a)(4)) (Count II, ¶¶ 39-41); causing transmission of a program, information, codes or commands that have intentionally caused damage without authorization to Plaintiff's protected computer (§ 1030(a)(5)) (Count III, ¶¶ 44-46); and with intent to extort from Plaintiff $300,000, transmitted by international telephone communication a threat to cause and continue to cause damage to Plaintiff's protected computer system (§ 1030(a)(7)) (Count IV, ¶ 49).

Plaintiffs, two related companies that sell enterprise content management software to other businesses, allege that Defendant has hacked into Plaintiffs' computer system, changed codes and passwords to lock out Plaintiffs' employees and its prospective customers from use of the software, and has stolen a laptop containing the source codes and programming for Plaintiffs' proprietary software product.   Affidavit of Thomas Walchli, ¶ 7 [DE 5].  More specifically, Plaintiffs contend by affidavit that on January 3, 2012, Defendant "took, obtained, used, or exercised control, without authorization from Plaintiffs, and appropriated or converted to his own use, or to the use of other persons or entities not entitled to its use, one Sony Vaio VPCF 115FM/B/Core 7 laptop computer, which is the property of WIT Americas, which . . . contained a copy of the source code of the [Plaintiffs'] Software . . . on the hard drive of the laptop."  Id., ¶ 6.  Plaintiffs further allege that Defendant has telephoned Urs Walchli, a member of Plaintiff WIT Switzerland's Board of Directors, and sought payment of $300,000 as the

price to reveal the changed access codes and passwords to Plaintiffs.  Id., ¶ 7.

The software, including its processes and source code, is owned by Plaintiffs and is "a highly secret, proprietary system, process, program and framework that is highly confidential and extremely valuable."  Id., ¶ 4.  The software "embodies intellectual processes and know-how that are the products of many thousands of hours of high-level development. . . and derives its economic value, both actual and potential, from not being generally known to, and not being readily ascertainable. . . by other persons who can obtain economic value from its disclosure."  Id.  If the source code of the software is misappropriated, disclosed or otherwise released, it would "destroy" the market interest in this product.  Id.  Plaintiffs allege that Defendant knowingly obtained the laptop and source code therein with the intent to deprive Plaintiffs of the laptop and its contents.  Id., ¶ 8.

## II.  ANALYSIS

Pursuant to Federal Rule of Civil Procedure 65(b), a temporary restraining order may be granted without notice to the adverse party only if: (1) it clearly appears from specific facts shown by affidavit or verified complaint that immediate and irreparable injury, loss or damage will result before the adverse party can be heard in opposition, and (2) the applicant's attorney certified the reasons that notice should not be required.

Upon a review of the record, the Court finds that Plaintiff has clearly demonstrated that immediate and irreparable injury, loss, or damage will result to the Plaintiffs before the Defendant can be heard in opposition.  Defendant is in possession of Plaintiffs' property, a laptop containing confidential and proprietary source code information of Plaintiffs' business software product.  Plaintiffs reasonably believe that

release of this information would destroy the market value of its product, causing irreparable harm for the foreseeable future.

   With respect to the issue of notice, Plaintiffs contend that if notice is provided to Defendant, it believes that Defendant will release the information thus destroying its commercial value.  As evidence of Defendant's malicious intent, Plaintiffs note that Defendant has made a demand of $300,000 to release the codes he embedded on Plaintiffs' computer system which have caused an interruption of service for Plaintiffs' employees and prospective customers.  The Court concludes that this evidence is sufficient to warrant issuance of the relief without notice.  Therefore, based on the foregoing preliminary findings of fact and law, the Court finds that Plaintiff will suffer immediate irreparable injury unless this Order is granted without notice.

   Turning briefly to the elements for a preliminary injunction, Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994) (which will be subject to further hearing after notice to Defendant), Plaintiff has initially shown a substantial likelihood that it will prevail on the merits of their CFAA and trade secret claims.  The CFAA authorizes a civil action by one "who suffers damage or loss by reason of a violation of this section . . . against the violator to obtain compensatory damages and injunctive relief or other equitable relief."  18 U.S.C. § 1030(g).  Such loss must be over $5,000, but may consist of any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.  18 U.S.C. § 1030(e)(11).   As discussed in the prior section, Plaintiffs have alleged sufficient facts to support a likelihood of success that a CFAA claim can be made for the alleged actions of Defendant in this case, particularly the locking out of Plaintiffs' employees and prospective customers and extortion demand of

$300,000.  In addition, Plaintiffs have alleged that Defendant has misappropriated a trade secret (the software source code) and that he wrongfully possesses a company laptop (conversion and trespass).

 With regard to whether the threatened injury to Plaintiffs outweighs the threatened harm the injunction may do to Defendant, Plaintiffs concede that Defendant has alleged that he has a monetary claim against Plaintiffs, but that such claim under the Shareholders' and Pool Agreement is purely monetary in nature and must be litigated in Switzerland.  See Exhibit B to Motion, pp. 13-23 of DE 4.  For purposes of issuance of this temporary restraining order, the Court agrees that any monetary claim of Defendant does not justify the unauthorized access to Plaintiffs' computers and wrongful taking of the laptop and source codes.  As to the public interest, the Court finds that such interest is not disserved by issuance of this relief to Plaintiffs.[1]

The Court also concludes that issuance of a writ of replevin and/or a writ of ne exeat is not warranted at this time.  The Court will include return of the laptop as part of this temporary restraining order.

### III.  CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Plaintiffs' Emergency Verified Motion for Temporary Restraining Order [DE 4] is hereby **GRANTED**;

2.      Plaintiffs shall immediately post a bond in the amount of $5,000, as payment of damages to which Defendant may be entitled for a wrongful

---

[1] As to the requirement for a substantial threat that Plaintiffs will suffer irreparable injury if the relief is not granted, the Court has already addressed this issue in the discussion of issuance of an order without notice.

injunction or restraint;

3.      Defendant Jerome Westrick and any entities and individuals who are

acting in concert or participation with him, is hereby **RESTRAINED AND**

**ENJOINED**, pending further Order of this Court, from in any way

disclosing, publishing, transferring, copying, uploading, or in any way

revealing or communicating any part of the Software (source code and

processes for enterprise content management), including without limitation

its source code, or transferring the Laptop, to any party or entity other than

Plaintiffs;

4.      Defendant Jerome Westrick shall return the laptop to Plaintiffs;

5.      If the laptop is returned to Plaintiffs, Plaintiffs shall not delete, remove, or

add any material in any form to the laptop, in order to preserve it for

evidentiary purposes, until further order of this Court;

6.      Plaintiffs shall immediately serve this Order, the Complaint, and all present

filings upon Defendant.

7.      Defendant may move to modify or dissolve this injunction at any time

pursuant to Federal Rule of Civil Procedure 65(b).

8.      A hearing on Plaintiff's motion for a preliminary injunction is set for

**Thursday, January 19, 2011, at 9:30am**, before the Honorable Judge

James I. Cohn, in Courtroom 203E, at the United States District Court,

Southern District of Florida, Fort Lauderdale Division, 299 East Broward

Boulevard, Fort Lauderdale, FL 33301.

9.      Defendant's written response to Plaintiffs' Motion for Preliminary Injunction,

Motion for Writ of Replevin, and Motion for Writ of Ne Exeat shall be filed and served upon Plaintiffs, by 12 noon on Tuesday, January 17, 2012.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of January, 2012 at 5:20p.m.

JAMES I. COHN
United States District Judge

copies to: Plaintiff's counsel via CM/ECF