UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 12-CIV-20072-COHN/SELTZER

WIT WALCHI INNOVATION TECHNOLOGIES,
GMBH, a Swiss limited liability company, and
WIT AMERICAS, LLC, a Florida limited liability company,

    Plaintiffs,

v.

JEROME R. WESTRICK,

    Defendant.
_____/

### ORDER GRANTING IN PART AND DENYING IN PART MOTION TO SEAL

**THIS CAUSE** came before the Court upon Plaintiffs WIT Wälchli Innovation Technologies, Gmbh and WIT Americas, LLC's Motion to Seal [filed under seal at DE 20]. The Court has carefully considered the motion and is otherwise fully advised in the premises.

Plaintiffs seek the Court to place under seal its Temporary Restraining Order entered on January 6, 2012, the parties' Stipulation of Settlement [DE 19], and the Stipulated Order of Permanent Injunction, submitted in camera. The basis of the request to seal is that this is "a trade secret case involving highly confidential software" and was "settled based upon confidentiality provisions." The Court notes that it will be entering a Stipulated Permanent Injunction Order based largely upon the stipulated order.

The Court has reviewed the Plaintiffs' sealed motion and the filings sought to be sealed. As to the Court's January 6, 2012 Temporary Restraining Order ("TRO"), the Court has rarely if ever gone back and sealed an order of this Court that was not sealed

at its entry. This Court follows the general public policy of all filings and Court orders remaining public absent a significant reason for withdrawing a document from the public record. Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978). If a settlement agreement is filed with the court for approval or interpretation, then the parties must demonstrate extraordinary circumstances in order to deny the public access to the agreement. Brown v. Advantage Eng'g Inc., 960 F.2d 1013, 1016 (11th Cir. 1992). Revelation of trade secrets would be a reason to seal an agreement.

This Court concludes that Plaintiffs have met their burden to seal their Settlement Stipulation, but not the TRO nor the Court's permanent injunction order.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs WIT Wälchli Innovation Technologies, Gmbh and WIT Americas, LLC's Motion to Seal [DE 20] is hereby **GRANTED in part** in that the docket entries already sealed at DE 19 and 20 can remain sealed;

2. The Motion is **DENIED** as to Plaintiffs' request to seal the TRO or the Court's permanent injunction order (and as to the instant order).

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 24th day of January, 2012.

_____
JAMES I. COHN
United States District Judge

copies to: Carlos De Zayas, Esq.
(Plaintiff's counsel to forward a copy to Defendant)